23CA2221 Peo in Interest of TB 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA2221 Fremont County District Court No. 22JV7 Honorable Kaitlin B. Turner, Judge The People of the State of Colorado, Appellee, In the Interest of T.B., a Child, and Concerning T.B., Appellant. JUDGMENT AFFIRMED Division A Opinion by JUDGE RICHMAN* Román, C.J., and Bernard*, J., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Eric Bellas, County Attorney, Sean Biddle, Assistant County Attorney, Cañon City, Colorado, for Appellee Jenna L. Mazzucca, Guardian Ad Litem Partick R. Henson, Office of Respondent Parents’ Counsel, Justin Twardowski, Office of Respondent Parents’ Counsel, Denver, Colorado, for Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 T.B. (father) appeals the judgment terminating the parent-
child legal relationship between him and T.B. (the child). We affirm. I. Background ¶ 2 In January 2022, the Fremont County Department of Human Services filed a petition in dependency and neglect, alleging, among other things, that the child tested positive for illegal substances at birth and father was incarcerated. The Department placed the child with a foster family who had adopted the child’s sibling following a dependency and neglect proceeding in 2019. After father admitted to the allegations in the petition, a magistrate adjudicated the child dependent and neglected and adopted a treatment plan for father. ¶ 3 In October 2022, the Department moved to terminate father’s parental rights. A few weeks later, paternal grandmother moved to intervene in the case, see § 19-3-507(5)(a), C.R.S. 2023 (allowing a grandparent to intervene “as a matter of right following adjudication”), and she requested guardianship and legal custody of the child, see § 19-3-602(2), C.R.S. 2023 (noting that a grandparent must file a request for guardianship and legal custody within twenty days of the filing of the termination motion). The magistrate conducted an evidentiary hearing on the termination motion, and 
2 after considering the evidence, the magistrate entered a written order terminating the parent-child legal relationship between father and the child. ¶ 4 Father petitioned the juvenile court for review of the magistrate’s judgment terminating his parental rights. See § 19-1-
108(5.5), C.R.S. 2023 (noting that “[a] petition for review is a prerequisite before an appeal may be filed with the Colorado court of appeals”). The juvenile court affirmed the magistrate’s judgment. II. Discussion ¶ 5 Father contends that the juvenile court erred by erroneously applying the sibling group presumption in section 19-3-605(2), C.R.S. 2023, and as a result, finding that there was no less drastic alternative to termination. For the reasons explained below, even if the juvenile court erroneously referred to the statute, we discern no reversible error. ¶ 6 A magistrate may terminate parental rights if it finds, by clear and convincing evidence, that (1) the child was adjudicated dependent and neglected; (2) the parent has not complied with an appropriate, court-approved treatment plan or the plan has not been successful; (3) the parent is unfit; and (4) the parent’s conduct 
3 or condition is unlikely to change in a reasonable time. § 19-3-
604(1)(c), C.R.S. 2023. ¶ 7 Before terminating parental rights under section 19-3-
604(1)(c), the magistrate must consider and eliminate less drastic alternatives. People in Interest of M.M., 726 P.2d 1108, 1122-23 (Colo. 1986). In considering less drastic alternatives, a magistrate must give primary consideration to the child’s physical, mental, and emotional conditions and needs. § 19-3-604(3); People in Interest of Z.P., 167 P.3d 211, 214 (Colo. App. 2007). Permanent placement with a relative may not be a viable alternative if the relative cannot appropriately care for the child. See People in Interest of T.E.M., 124 P.3d 905, 910 (Colo. App. 2005). ¶ 8 For a less drastic alternative to be viable, it must do more than “adequate[ly]” meet a child’s needs; rather, it must be the “best” option for the child. People in Interest of A.M. v. T.M., 2021 CO 14, ¶ 27. Therefore, if the magistrate considers a less drastic alternative but finds instead that termination is in the child’s best interests, the magistrate must reject the less drastic alternative and order termination. Id. at ¶ 32. And under those circumstances, we 
4 must affirm the decision if the magistrate’s findings are supported by the record. People in Interest of B.H., 2021 CO 39, ¶ 80. ¶ 9 Our review of the juvenile court’s decision affirming the magistrate’s judgment is effectively a second layer of appellate review. See People in Interest of N.G., 2012 COA 131, ¶ 37. Like the juvenile court, we must accept the magistrate’s factual findings unless they are clearly erroneous. Id. However, we may set aside a judgment based on errors of law or findings that do not conform to the statutory criteria. Id. ¶ 10 Section 19-3-605(1) requires the court to consider a timely request by a grandparent for guardianship and legal custody of a child following an order terminating parental rights. § 19-3-605(1). In doing so, the court may give preference to a grandparent who makes a timely request if “such placement is in the best interests of the child.” Id. However, “when the child is part of a sibling group and the sibling group is being placed out of the home,” there is a rebuttable presumption that “placement of the entire sibling group in [a] joint placement is in the best interests of the children.” § 19-
3-605(2). In making these post-termination placement decisions, the court must consider the relevant factors in section 19-3-605(3), 
5 which include, for example, whether the placement can meet the child’s needs and the possible effects of removing a child from the current placement. ¶ 11 In affirming the magistrate’s order, the juvenile court concluded that the sibling group presumption applied and then considered the factors in section 19-3-605(3) (even though father never raised section 19-3-605 and the magistrate did not rule on that basis) to reject father’s assertion that the magistrate had erred by rejecting permanent placement with paternal grandmother. ¶ 12 On appeal, father asserts that the juvenile court erred because the plain language of section 19-3-605(2) does not apply when only one child is being placed, rather than an entire sibling group, such as in the present case. But, as noted above, section 19-3-605 involves a court’s placement decisions after it terminates parental rights. See § 19-3-605(1), (3). In other words, the sibling group presumption described in section 19-3-605(2) was not relevant to the juvenile court’s consideration of whether the magistrate properly terminated father’s parental rights, and we therefore need not consider whether the juvenile court erred by interpreting the language in section 19-3-605(2). 
6 ¶ 13 However, we decline to reverse the judgment based on the juvenile court’s erroneous application of section 19-3-605 because father has not directed us to anything in the record indicating that the magistrate also relied on the sibling group presumption in section 19-3-605(2) when it terminated his parental rights. Rather, the record is clear that the magistrate rejected permanent placement with paternal grandmother as a less drastic alternative to termination because the evidence established that she was not an appropriate placement option. See T.E.M., 124 P.3d at 910. Specifically, the magistrate found, with record support, that the Department had provided paternal grandmother with the opportunity to demonstrate that she was a suitable placement option, but she did not comply with the Department’s requests. In sum, because there is nothing in the record indicating that the magistrate believed that he was required to place the child with his sibling under the sibling group presumption, or that the magistrate rejected a less drastic alternative on that basis, we reject father’s contention. ¶ 14 Except for the juvenile court’s purported erroneous interpretation of section 19-3-605(2), father has not provided us 
7 with any basis to conclude that the magistrate erred by terminating his parental rights. Indeed, father does not challenge any of the magistrate’s factual findings underlying its decision to terminate parental rights under section 19-3-604(1)(c) or rejecting a less drastic alternative in the form of permanent placement with paternal grandmother. See A.M., ¶ 48. ¶ 15 Therefore, because the magistrate properly considered less drastic alternatives but determined that termination was in the child’s best interest, the magistrate was required to reject placement with grandmother and order termination. See id. at ¶ 32. And because the record supports the magistrate’s findings, we cannot disturb the judgment. See B.H., 2021 CO 39, ¶ 80. III. Disposition ¶ 16 The judgment is affirmed. CHIEF JUDGE ROMÁN and JUDGE BERNARD concur.